## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

STEVEN WALTERS,

      Plaintiff,

v.

MEDICREDIT, INC., a Missouri corporation d/b/a The Outsource Group,

      Defendant.

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Steven Walters is a natural person.

8. The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Medicredit, Inc. d/b/a The Outsource Group is a Missouri corporation operating from an address at 3620 I-70 Drive SE, Suite C, Columbia, Missouri, 65201.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2014 the Plaintiff allegedly incurred financial obligations that were primarily for personal, family and household purposes namely amount(s) due and owing on personal medical accounts owed to Medical Center of Aurora (hereinafter collectively referred to as the "Account").

19. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the original creditor.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection, Defendant's file #'s 37102274 and 41595678.

22. The Account was placed or otherwise transferred to the Defendant for collection.

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s).

27. In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

28. The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

30. In July 2014 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its employee(s).

31. During the telephone conversation(s) in July 2014 between the Defendant and the Plaintiff regarding the Account the Defendant via its employee informed the Plaintiff that the Defendant had the Account and stated the balance due on the Account.

32. During the telephone conversation(s) in July 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

33. During the telephone conversation(s) in July 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

34. During the telephone conversation(s) in July 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that that Account is disputed.

35. During the telephone conversation(s) in July 2014 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that that Account is disputed.

36. The Defendant was aware that the Account was disputed in July 2014.

37. The Defendant had knowledge that the Account was disputed in July 2014.

38. After July 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, a credit reporting agency.

39. After July 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian the Defendant did not communicate to Experian that the Account is disputed.

40. The information regarding the Account communicated to Experian by the Defendant after July 2014 conveyed information regarding the Account directly or indirectly to Experian.

41. The information communicated to Experian by the Defendant after July 2014 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

42. The Defendant communicated the information regarding the Account after July 2014 to Experian in connection with the collection of the Account.

43. After July 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax, a credit reporting agency.

44. After July 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax the Defendant did not communicate to Equifax that the Account is disputed.

45. The information regarding the Account communicated to Equifax by the Defendant after July 2014 conveyed information regarding the Account directly or indirectly to Equifax.

46. The information communicated to Equifax by the Defendant after July 2014 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

47. The Defendant communicated the information regarding the Account after July 2014 to Equifax in connection with the collection of the Account.

48. After July 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion, a credit reporting agency.

49. After July 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion the Defendant did not communicate to Transunion that the Account is disputed.

50. The information regarding the Account communicated to Transunion by the Defendant after July 2014 conveyed information regarding the Account directly or indirectly to Transunion.

51. The information communicated to Transunion by the Defendant after July 2014 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

52. The Defendant communicated the information regarding the Account after July 2014 to Transunion in connection with the collection of the Account.

53. In August 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, a credit reporting agency.

54. In August 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian the Defendant did not communicate to Experian that the Account is disputed.

55. The information regarding the Account communicated to Experian by the Defendant in August 2014 conveyed information regarding the Account directly or indirectly to Experian.

56. The information communicated to Experian by the Defendant in August 2014 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

57. The Defendant communicated the information regarding the Account in August 2014 to Experian in connection with the collection of the Account.

58. In August 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax, a credit reporting agency.

59. In August 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax the Defendant did not communicate to Equifax that the Account is disputed.

60. The information regarding the Account communicated to Equifax by the Defendant in August 2014 conveyed information regarding the Account directly or indirectly to Equifax.

61. The information communicated to Equifax by the Defendant in August 2014 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

62. The Defendant communicated the information regarding the Account in August 2014 to Equifax in connection with the collection of the Account.

63. In August 2014 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion, a credit reporting agency.

64. In August 2014 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account

and the balance due on the Account, to Transunion the Defendant did not communicate to Transunion that the Account is disputed.

65. The information regarding the Account communicated to Transunion by the Defendant in August 2014 conveyed information regarding the Account directly or indirectly to Transunion.

66. The information communicated to Transunion by the Defendant in August 2014 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

67. The Defendant communicated the information regarding the Account in August 2014 to Transunion in connection with the collection of the Account.

68. Upon information and belief in 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian and/or Equifax and/or Transunion.

69. Upon information and belief in 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian and/or Equifax and/or Transunion.

70. Upon information and belief in 2014 the Defendant reported information to Experian and/or Equifax and/or Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

71. On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account in July 2014.

72. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account in July 2014.

73. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

74. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

75. On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

76. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

77. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff

regarding the Account in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

78. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian and/or Equifax and/or Transunion regarding the Account in 2014.

79. The Defendant did not communicate to Experian that the Account is disputed on or before September 10, 2014.

80. The Defendant did not communicate to Equifax that the Account is disputed on or before September 10, 2014.

81. The Defendant did not communicate to Transunion that the Account is disputed on or before September 10, 2014.

82. The Defendant's statement(s) and/or action(s) and/or omission(s) constitute false and/or deceptive and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

83. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

84. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

85. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

86. As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

87. The previous paragraphs are incorporated into this Count as if set forth in full.

88. The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

89. Pursuant to FDCPA § 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

4. Costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Post Judgment Interest.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff